IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                          4:18-CR-00362-JM

BRIAN KINCADE

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 30) is DENIED.

**I.   BACKGROUND**

On March 5, 2019, Defendant pled guilty to being a felon in possession of a firearm, and was sentenced to 120 months in prison.[1] On October 16, 2019, his sentence was reduced to 90 months.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 21, 24.

[2] Doc. No. 28.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has provided neither argument nor evidence that he has requested relief from the warden and exhausted his administrative remedies. Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied. In support of his motion, Defendant asserts that he has heart issues, which put him at higher risk of suffering from COVID-19. First, heart issues are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health condition is not listed. Defendant has not shown that his health conditions are severe enough to prevent him from independently functioning within the prison. He also has provided neither argument nor evidence that his health conditions are unable to be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 51 years old and has served less than 35% of his sentence, which means he does not meet the age and minimum served-time requirements under the Guidelines.

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has 27 prior convictions. In fact, Defendant committed the instant offense while on supervision for a prior conviction.

The severity of the instant offense must also be considered. On March 14, 2018, law enforcement learned that Defendant, who had several outstanding felony warrants was staying at a hotel in Little Rock. When they arrested him, they found a defaced .380 caliber handgun that was loaded, a digital scale, a syringe, 1.1972 grams of methamphetamine, and 11 hydromorphone tablets. Defendant also admitted that he was selling large amounts of methamphetamine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 30) is DENIED.

IT IS SO ORDERED, this 15 day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE